MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6840
    FAX: (415) 436-7234
    Email: kevin.barry@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. CR 14-0285 JST |
| Plaintiff, | ) |
| | ) **UNITED STATES' SENTENCING** |
| v. | ) **MEMORANDUM** |
| | ) |
| KENNETH KOSKINIEMI, | ) Date: June 5, 2015 |
| | ) Time: 9:30 am |
| Defendant. | ) |
| | ) Hon. Jon S. Tigar |
| | ) |

## INTRODUCTION

The defendant, Kenneth Koskiniemi, stands before the Court to be sentenced following his guilty plea to Count Four of the Indictment charging him with possession with intent to distribute a controlled substance (Xanax), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(E)(2). The government submits this sentencing memorandum to inform the Court that it has no objection to the Presentence Report and its recommended sentence of three years of probation with a period of three months' home detention.

//

//

//

UNITED STATES' SENTENCING MEMORANDUM
CR 14-0285 JST, United States v. Kenneth Koskiniemi    1

## DEFENDANT'S OFFENSE CONDUCT

Defendant engaged in a transaction with co-defendant Jeremy Donagal in which Defendant purchased 40,000 Xanax tablets that Donagal manufactured. On April 29, 2014, Defendant met with Donagal at his house and picked up the pills. He then drove away, after which officers pulled him over and discovered the tablets in his car.

## SENTENCING GUIDELINES CALCULATION

The Guidelines cap the marijuana equivalence for Schedule IV controlled substances like Xanax at 9.99 kilograms: "the combined equivalent weight of all Schedule IV (except flunitrazepam) and V substances shall not exceed 9.99 kilograms of marihuana." U.S.S.G. § 2D1.1, Application Note 8(D) (Drug Equivalency Tables). The base offense level for between 5 and 10 kilograms of marijuana is 12. U.S.S.G. § 2D1.1(c)(14).

| | | |
|---|---|---|
| a. | Base Offense Level:<br>(U.S.S.G. § 2D1.1(c)(14) – between 5 kg and 10 kg of marijuana) | 12 |
| b. | Safety Valve:<br>(2D1.1(b)(17)) | -2 |
| c. | Acceptance of Responsibility:<br>(3E1.1(a)) | -2 |
| d. | Adjusted Offense Level: | 8 |

The Probation Officer correctly determined that Defendant merits a criminal history calculation of I. With an adjusted offense level of 8, this results in a range of 0-6 months.

## SECTION 3553(A) FACTORS

The factors listed under 18 U.S.C. § 3553(a) indicate that a term of three years of probation and three months of home confinement is sufficient, but not greater than necessary, to achieve the goals of sentencing. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The key factors in this case are the history and characteristics of the defendant, 3553(a)(1); the need for the sentence to afford adequate deterrence, 3553(a)(2)(B); the Guidelines range established for this type of crime and the defendant's criminal history, 3553(a)(4)(A)(i); and the need to avoid unwarranted sentencing disparities, 3553(a)(6).

With respect to Defendant's history and characteristics as well as the issue of deterrence, Defendant has no criminal history – no convictions and a single arrest dating back to 1998. PSR ¶¶ 55. Defendant has a lengthy history of employment as a chef and cook, and he is currently the executive chef in a restaurant. PSR ¶¶ 71-75. Defendant has a supportive family, and he has been married to his spouse for almost 15 years. PSR ¶¶ 57-60. In many ways, Defendant's participation in the criminal conduct that led to this conviction represents an aberration in an otherwise law-abiding life.

At the same time, however, it is important to note the significance of the drug transaction in which Defendant participated. In a single transaction with co-defendant Donagal, Defendant purchased 40,000 Xanax pills. The PSR indicates that this represented $40,000 worth of drugs. PSR ¶ 31. The government cannot establish precisely that this was the figure paid for the 40,000 pills, but it is a fair estimate. Also, although the PSR does not reflect this fact, the surveillance video of Defendant picking up the pills from Donagal in Donagal's driveway reflects that the two were at ease with each other. This, coupled with the volume of the transaction, makes it likely that this was not the first transaction between the two. Further, the volume of pills Defendant purchased supports his admission in the plea agreement that he purchased these pills with the intent to distribute them to others. Thus, the Court is presented with a significant drug transaction for tens of thousands of Xanax pills for tens of thousands of dollars.

With respect to the Guidelines range, the Court must consider that despite the scale of the transaction, Congress and the Sentencing Commission have determined that Xanax dealing does not merit a sentence of the same severity as other drugs. As the Court is aware, a transaction for $40,000 worth of methamphetamine or cocaine would result in a Guidelines range of many years in custody. Here, Defendant is facing a 0-6 month term under the Guidelines, and as Defendant's offense level and CHC category fall into Zone A of the Sentencing Table, the Guidelines authorize a sentence to a term of probation. U.S.S.G. § 5B1.1(a)(1). Defendant's character and crime fall well within the "heartland" of cases to which the Guidelines are intended to apply, and therefore, the sentencing range established for such offenses serves as an effective guide for determining a reasonable sentence. *See Rita v. United States*, 551 U.S. 338, 351 (2007); 18 U.S.C. § 3553(a)(4)(A).

While the size of the transaction at issue here might, in other circumstances, call for an upward departure from the low range provided by the Guidelines, there are a number of factors to support United States Probation's recommendation that three years of probation with three months of home confinement will be sufficient to provide deterrence. The first is the fact that this is Defendant's sole conviction. This foray into the criminal justice system should provide a powerful lesson to Defendant that whatever monetary benefits the drug trade may seem to offer are outweighed by the personal consequences. As the Court noted when it accepted his guilty plea, Defendant was as "clear-eyed" about the process of pleading guilty and its consequences as any defendant the Court has encountered.

Second, although probation is not as severe a restriction on Defendant's liberty as a term in custody, Defendant knows that should he fail to abide by the conditions of probation, he faces the potential revocation of probation and re-sentencing to a term of up to five years in prison.

Third, Defendant has demonstrated significant post-arrest rehabilitative conduct. He has performed well on pretrial release; he has continued to be gainfully employed; and he has even improved his employment situation since his arrest, rising to the position of executive chef in a restaurant. PSR ¶ 71. Defendant has much to lose, and the experience of this arrest and conviction should deter him from putting that at risk once again.

With respect to the need to address unwarranted sentencing disparities, the Court sentenced co-defendant Michael Gonzales to a term of 27 months, which was the low end of his applicable Guidelines range (adjusted offense level 11, CHC VI). Gonzales was a worker in Donagal's operation. The Court sentenced co-defendant Duston Kirk to a term of 12 months and 1 day in custody, which was at the low end of his 12 to 18 month range (adjusted offense level 13, CHC I). Kirk was also a worker in Donagal's operation, but his role was more critical than Gonzales, as Kirk maintained the equipment, and an aggravating factor in his sentencing was the fact that he brought co-defendant Alicia Mitts into the scheme.

Finally, the Court sentenced co-defendant Thomas Elliot, another worker for Donagal, to a term of five years' probation, which was a variance from the 10-16 month Guidelines range (adjusted offense level 12, CHC I). Elliot was another worker for Donagal who assisted in the manufacture of millions of Xanax pills, as opposed to the single 40,000 pill transaction at issue here. The Court noted the role that

UNITED STATES' SENTENCING MEMORANDUM
CR 14-0285 JST, United States v. Kenneth Koskiniemi        4

1  Elliot's addiction played in his participation in the conspiracy, his challenging personal history, his post-
2  arrest rehabilitation, and his community support.

**CONCLUSION**

In full consideration of Defendant's history and characteristics, together with the goals of sentencing, the United States respectfully requests that the Court sentence Defendant Kenneth Koskiniemi to a term of three years of probation, with three months of home confinement and a $100 special assessment.

DATED: June 2, 2015                             Respectfully submitted,

                                                MELINDA HAAG
                                                United States Attorney

                                                _____/s/_____
                                                KEVIN J. BARRY
                                                Assistant United States Attorney